## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

BRENDA GEIGER; IMOGEN THOMAS; JACLYN
SWEDBERG; JAIME EASON MIDDLETON; INA
SCHNITZER a/k/a JORDAN CARVER; MEGAN
DANIELS a/k/a MEGAN VOGT; PAOLA CANAS;
TIFFANY TOTH GRAY; DENISE TRLICA a/k/a
DENISE MILANI; HILLARY FISHER VINSON a/k/a
HILLARY HEPNER; JESSICA HINTON; JESSICA
BURCIAGA; and KRYSTAL HIPWELL a/k/a
KRYSTAL FORSCUTT

Case No. 1:18-cv-23745-UU

        Plaintiffs

v.

GOLDFINGER'S SOUTH, INC. d/b/a SHOWGIRLS,
INC.

        Defendant

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO THE SECOND AMENDED COMPLAINT

COMES NOW the defendant, Goldfinger's South, Inc., by undersigned counsel, and hereby

answers the correspondingly numbered paragraph of the plaintiffs' Second Amended Complaint [DE

22] as follows:

### INTRODUCTION

1.    Denied.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

## **PARTIES**

A.  Plaintiffs

14.     Denied.

15.     Without knowledge, and therefore, Denied.

16.      Without knowledge, and therefore, Denied.

17.     Without knowledge, and therefore, Denied.

18.     Without knowledge, and therefore, Denied.

19.     Without knowledge, and therefore, Denied.

20.     Without knowledge, and therefore, Denied.

21.     Without knowledge, and therefore, Denied.

22.     Without knowledge, and therefore, Denied.

23.     Without knowledge, and therefore, Denied.

24.     Without knowledge, and therefore, Denied.

25.     Without knowledge, and therefore, Denied.

26.     Without knowledge, and therefore, Denied.

27.     Without knowledge, and therefore, Denied.

B.  Defendant

28.     Admitted.

29.     Admitted.

30.     Admitted that defendant has social media accounts but denies all other allegations of this paragraph in the Second Amended Complaint.

## JURISDICTION AND VENUE

31.     Admitted.

32.     Admitted that the Court has personal jurisdiction but denies all other allegations of this paragraph in the Second Amended Complaint.

33.     Admitted.

## FACTUAL BACKGROUND

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

### *Plaintiff Brenda Geiger*

41.     Without knowledge, and therefore, Denied.

42.     Denied.

43.     Denied.

### *Plaintiff Imogen Thomas*

44.     Without knowledge, and therefore, Denied.

45.     Denied.

46.     Denied

### *Plaintiff Jaclyn Swedberg*

47.     Without Knowledge, and therefore, Denied.

48.    Denied.

49.    Denied.

### Plaintiff Jaime Eason Middleton

50.    Without knowledge, and therefore, Denied.

51.    Denied.

52.    Denied.

### Plaintiff Ina Schnitzer a/k/a Jordan Carver

53.    Without knowledge, and therefore, Denied.

54.    Denied.

55.    Denied.

### Plaintiff Megan Daniels a/k/a Megan Vogt

56.    Without knowledge, and therefore, Denied.

57.    Denied.

58.    Denied.

### Plaintiff Paola Canas

59.    Without knowledge, and therefore, Denied.

60.    Denied.

61.    Denied.

### Plaintiff Tiffany Toth Gray

62.    Without knowledge, and therefore, Denied.

63.    Denied.

64.    Denied.

### Plaintiff Denise Trlica a/k/a Denise Milani

65.    Without knowledge, and therefore, Denied.

66.    Denied.

4

67.    Denied.

### Plaintiff Hillary Fisher Vinson a/k/a Hillary Hepner

68.    Without knowledge, and therefore, Denied.

69.    Denied

70.     Denied.

### Plaintiff Jessica Hinton

71.    Without knowledge, and therefore, Denied.

72.    Denied.

73.    Denied.

### Plaintiff Jessica Burciaga

74.    Without knowledge, and therefore, Denied.

75.    Denied.

76.    Denied.

### Plaintiff Krystal Hipwell a/k/a Krystal Forscutt

77.    Without knowledge, and therefore, Denied.

78.    Denied.

79.    Denied.

## CAUSES OF ACTION

## COUNT I

80.    The text of the cited statutes speak for themselves.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT II

96.     The text of the cited statute speaks for itself.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

## COUNT III

109.   Denied.

110.   The text of the cited statute speaks for itself.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

## COUNT IV

120.   Denied

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

## COUNT V

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

## COUNT VI

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

## AFFIRMATIVE DEFENSES

FIRST:    All of the claims asserted in this action are preempted by the Copyright Act, 17 U.S.C. § 301(a).

SECOND:    The plaintiffs have no copyright, ownership interest, license, or other right in the images which are the subjects of this action and, therefore, they each lack standing to maintain this suit.

THIRD:    The plaintiffs have failed to join indispensable parties to this action; the respective photographers or other individuals or entities who hold the copyright or ownership of the images.

FOURTH:    The plaintiffs' claims fail as a matter of law because the defendant did not identify the plaintiffs either by name or by other factors shaping their identities.  Therefore, there was

no exploitation of their likeness or likelihood of confusion as to whether they endorsed the defendant's business or were otherwise associated with it.

FIFTH:       The plaintiffs' claims fail as a matter of law as they have failed to plead any legally recognizable competitive injury and harm.

SIXTH:       The plaintiffs' claims fail as a matter of law for the reason that each plaintiff consented to the public use and dissemination of the photographs by their execution of releases whereby each plaintiff gave the photographer permission to shoot and license the photos.

SEVENTH:      The plaintiffs' claims are barred by the doctrine of waiver as each executed one or more model releases by which each plaintiff extinguished her right to the photographs to other persons or entities.

EIGHT:       The plaintiffs are guilty of laches by their failure to earlier enforce any of the claimed intellectual property rights and by their acquiescence to the open and obvious use of the subject images.

NINTH:       The plaintiffs have failed to mitigate their damages by not enforcing their alleged rights through such mechanisms as the Digital Millennium Copyright Act which could have required the earlier removal of the images.

TENTH:       The plaintiffs assumed the risk that their images would be used in the manner complained of by virtue of the themes in the photographs that lend themselves to republication in the adult entertainment business and did not take steps to ensure that the images could be copied.

ELEVENTH:  The plaintiffs' claims for unjust enrichment fail as a matter of law as unjust enrichment is an equitable remedy that is available only when there is no adequate remedy at law.

TWELFTH:      The defendant acted in good faith reliance upon outside designers who prepared the alleged exhibits and who were charged with ensuring that there were no proprietary obstacles to their use.

THIRTEENTH:        The images are internet postings made by others not associated with defendant and for which the plaintiffs had a duty to monitor and to seek their removal if they actually owned the images and considered them injurious.

FOURTEENTH;        The plaintiffs' claims for conversion of the images fail a matter of law as the images came into the defendant's possession lawfully thus requiring the plaintiffs to make demand for their return which they did not do.

FIFTEENTH:  The plaintiffs' claims are barred by the statute of limitations and or laches.

<u>DEMAND FOR JURY</u>

The defendant demands a trial by jury on all issues so triable.

Dated:  March 5, 2019

Respectfully submitted,

Joseph J. Portuondo, Esq.
110 Merrick Way
Suite 3 - B
Coral Gables, Florida 33134
PH:     (305) 666 - 6640
Email: jjp@portuondolaw.com

By: *Joseph J. Portuondo*
Joseph J. Portuondo, Esq.
Fla. Bar No. 310034

*Attorney for Defendant*